A92A1534. BOWLES v. CSX TRANSPORTATION, INC.
(424 SE2d 313)

JOHNSON, Judge.

Robert M. Bowles appeals from the grant of CSX Transportation, Inc.'s motion for summary judgment. Bowles initiated this action under the terms of the Federal Employers' Liability Act (FELA), 45 USCA § 51, to recover for personal injuries sustained by Bowles during the performance of his duties as a railroad worker for CSX. Count 1 of the complaint alleges that Bowles sustained an injury to his back while going up two stairs to enter the yard office to check his work assignment. Count 2 of the complaint alleges that Bowles has sustained hearing loss as a result of violations of the Locomotive Boiler Inspection Act, (BIA), 45 USCA § 23.

1. In his deposition Bowles stated that while going up the steps he heard a "pop" in his back. Although alleged in the complaint, there is no evidence in the record that Bowles fell. He admitted that he has never complained about the condition of the stairs and has gone up them many times. The record contains Bowles' statements that he was not carrying anything when the incident occurred nor was it dark or wet.

"While the FELA does provide for a cause of action against the employer for negligent conduct which causes an injury to an employee, the Act does not make the employer an insurer of the employee for any injury he receives. [Cit.] Nevertheless, the employer has a duty to provide the employee a reasonably safe workplace which includes safe conditions, tools, facilities, and supervision. [Cit.]" *Currin v. Seaboard System R.*, 187 Ga. App. 751, 752 (371 SE2d 142) (1988).

CSX argues that no evidence was presented which would establish that Bowles' back injury was the result of its negligence. In support of its position CSX relies on an unpublished fourth circuit case, *Aliberti v. National R. Co. Passenger Corp.*, 936 F2d 567 (4th Cir. 1991). This rara avis among FELA cases granted summary judgment to the railroad in a case in which the plaintiff injured his back while exiting a van which had stopped on uneven ground. In affirming the summary judgment entered by the district court, the court held that

the event was unforeseeable. Factually, *Aliberti* is distinguishable from the case at bar. The railroad in *Aliberti* had no control over where the driver of the van would stop to discharge the workers. Here, an inspection of the yard might have revealed a potential danger in the stairs which are a readily apparent, static feature of the workplace.

Bowles has submitted the affidavit of a professional engineer who opined that the stairs violated numerous codes and industry standards and could have contributed to Bowles' injuries. "An affidavit may be considered even if conclusions are intermingled with facts. Furthermore, opinion evidence by the nonmoving party can be sufficient to preclude an award of summary judgment." (Citations omitted.) *Hepner v. Southern R. Co.*, 182 Ga. App. 346, 349 (356 SE2d 30) (1987).

" 'Under (the FELA) the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence *played any part, even the slightest*, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes. . . .' [Cits.]" (Emphasis supplied.) *Gilbert v. CSX Transp.*, 197 Ga. App. 29, 31 (2) (397 SE2d 447) (1990).[1] Despite the paucity of evidence in this case, the affidavit creates issues of fact which prevent us from concluding as a matter of law that the condition of the stairs did not contribute to Bowles' injury. Summary judgment as to that claim must be reversed.

2. Summary judgment was proper with regard to Bowles' claim for hearing loss under BIA. Bowles has not offered any medical evidence of the etiology of his complaint. Expert testimony is required where the disposition of a "medical question" controls the resolution of a case. *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 518 (1) (352 SE2d 832) (1987); *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (2) (345 SE2d 904) (1986). The same standard applies in FELA cases. See *Hines v. Consolidated Rail Corp.*, 926 F2d 262 (3rd Cir. 1991); *Moody v. Main Central R. Co.*, 823 F2d 693 (1st Cir. 1987).

Bowles' claim for hearing loss is based entirely on his testimony that he was exposed to noise from engines and horns from which we are being asked to extrapolate a causal link. Bowles has offered no

---

[1] In *Pehowic v. Erie Lackawanna R. Co.*, 430 F2d 697 (3rd Cir. 1970) the third circuit adopted a "zero probability" test with respect to summary judgment in FELA cases. The court held: "[A] trial court is justified in withdrawing . . . issues from the jury's consideration only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee." Id. at 699-700.

evidence of any defect in CSX's equipment, or any violation of BIA or FELA, nor has he alleged that his injury was the result of any negligence of CSX with regard to that equipment. See *Richmond County Hosp. Auth. v. Dickerson*, 182 Ga. App. 601 (356 SE2d 548) (1987); *Parrot v. Chatham County Hosp. Auth.*, 145 Ga. App. 113, 115 (243 SE2d 269) (1978). In the absence of any evidence of causation, this claim must fail.

Bowles' hearing loss claim is barred by a three-year statute of limitation, in any event. 45 USCA § 56. In 1983, Bowles was informed by Dr. Ronald Watson, an otolaryngologist, that tests revealed a bilateral high frequency hearing loss. As in *Robb v. CSX Transp.*, 204 Ga. App. 690 (420 SE2d 370) (1992): "[A] plaintiff cannot avoid the statute of limitation by choosing to ignore the early signs and symptoms of his disease . . . a plaintiff has a duty to investigate an injury and the cause of the injury when he experiences symptoms of an injury. Thus, it has been held that a claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known." (Citations and punctuation omitted.) 45 USCA § 56 provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." The date of accrual of the claim was the date that Bowles was told of his condition. This action was filed on June 1, 1990, over five years after learning that he had sustained some hearing loss, and over two years after the applicable statute of limitation had run. The trial court correctly granted summary judgment to CSX on the hearing loss claim.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1992.

*Burge & Wettermark, Michael J. Warshauer*, for appellant.
*Alston & Bird, Jack H. Senterfitt*, for appellee.