## A93A0923. LUTZ v. CSX TRANSPORTATION, INC.
(432 SE2d 569)

BLACKBURN, Judge.

On June 4, 1991, the appellant, B. E. Lutz, commenced the instant action against his employer, CSX Transportation, Inc., for damages under and by virtue of the provisions of the Federal Employers' Liability Act (FELA), 45 USC § 51, for a hearing loss that he sustained during the performance of his duties as a railroad worker for CSX. CSX answered the complaint, denying liability and asserting, inter alia, a statute of limitation defense. Following discovery, CSX moved for summary judgment. The trial court granted CSX's motion, concluding that the appellant knew or should have known as a matter of law of his work-related hearing injury long before June 4, 1988, three years prior to the filing of the action. This appeal followed.

In the complaint filed in the instant action, the appellant readily admits that he had been exposed to excessive and dangerous occupational noise levels throughout the 20 years of his employment with CSX as an engineer. Also, in a similar complaint filed in Alabama against CSX in 1989, the appellant maintained that he had a long history of exposure to loud and damaging industrial noise. The appellant has indicated that his history of exposure to noise in the work place began as early as 1973. On August 17, 1988, the appellant answered a hearing loss questionnaire by stating that he experienced (1) a ringing in his ears in the early 1980s "but paid hardly any attention to it, because it was not a regular thing, until later on it became . . . [an] ever[y] day [occurrence]," (2) a hard time understanding words spoken by the men at work as early as 1984, (3) the muffling of familiar sounds in 1986, and (4) a need to watch a person speak to understand the words. In the questionnaire, the appellant also asserted that he was informed of his hearing loss several years before he completed the questionnaire. This information was essentially corroborated by the appellant's deposition testimony of September 4, 1991.

In his sole enumeration, the appellant contends that the trial court erred in finding that he was aware of his hearing loss more than

three years prior to the filing of his suit for damages and erred in granting summary judgment in favor of CSX. We disagree.

Section 56 of Title 45, United States Code, provides that "(n)o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." See also *Robb v. CSX Transp.*, 204 Ga. App. 690, 692 (420 SE2d 370) (1992). "Accrual is defined in terms of two components, the injury and its cause, for statute of limitations purposes." *Fries v. Chicago & Northwestern Transp. Co.*, 909 F2d 1092, 1094 (7th Cir. 1990). "When it comes to an occupational illness which is not immediately apparent . . . it is hard to pinpoint the date of accrual." *Robb*, supra at 693. In *Urie v. Thompson*, 337 U. S. 163, 170 (69 SC 1018, 93 LE 1282) (1949), the Supreme Court concluded that an employee inflicted with a gradual injury " 'can be held to be "injured" only when the accumulated effects of the deleterious substances manifest themselves.' [Cit.]" Consequently, " 'a plaintiff cannot avoid the statute of limitation by choosing to ignore the early signs and symptoms of his disease . . . a plaintiff has a duty to investigate an injury and the cause of the injury when he experiences symptoms of an injury. Thus, it has been held that a claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known.' (Citations and punctuation omitted.)" *Bowles v. CSX Transp.*, 206 Ga. App. 6, 8 (424 SE2d 313) (1992).

The appellant filed his claim for damages on June 4, 1991, and under the terms of 45 USC § 56, the trial court could not entertain the appellant's cause of action if the "cause of action" accrued before June 4, 1988. "Whether the injury is caused by a discrete, discernible act or inflicted over time with an unknowable onset date does affect a court's evaluation of the accrual date in terms of the injury." *Fries*, supra, 909 F2d at 1095. Pretermitting a determination of the specific day on which the appellant's cause of action accrued, the appellant admits that he was informed of the work-relatedness of his ear condition in 1984 and several years prior to the completion of the questionnaire in 1988. He further admitted that he experienced symptoms associated with hearing loss as early as 1973 as a result of the exposure to dangerous noise levels while working for CSX. Although the appellant avers in his deposition and acknowledges in the questionnaire that he did not go to a physician until June 1988 for the purpose of obtaining a hearing test, " '[t]he accrual of a claim under FELA, however, does not require that the plaintiff be disabled . . . [W]hether or not plaintiff's condition was bad enough to cause him to go to the doctor is irrelevant, if, as the evidence here shows, he knew of his condition and its cause.' " *Robb*, supra at 694. The record undisputably shows that the appellant was aware of the symptoms associ-

ated with his hearing loss and the causal connection between those symptoms and the exposure to various noise levels at work prior to June 4, 1988. Inasmuch as this action was filed outside of the three-year time period provided for the commencement of such actions under FELA, and the appellant has not presented evidence giving rise to a triable issue on the accrual of his cause of action, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), we find that summary judgment adjudication was proper.

Moreover, the appellant's claim for hearing loss is based solely on his testimony and the appellant has not provided any expert evidence linking his deteriorating ear condition to any actions or inactions on behalf of CSX. Accordingly, his claim for damages must further fail. "Expert testimony is required where the disposition of a 'medical question' controls the resolution of a case. [Cits.]" *Bowles*, supra at 7.

Consequently, we conclude that the decision of the trial court is without error.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 20, 1993 —
RECONSIDERATION DENIED JUNE 9, 1993 ▇▇▇▇▇▇

*Burge & Wettermark, Michael J. Warshauer*, for appellant.
*Hunter, Maclean, Exley & Dunn, Theodore T. Carellas, F. Saunders Aldridge III*, for appellee.