A93A0750. CSX TRANSPORTATION, INC. v. ADKINS.
A93A0751. CSX TRANSPORTATION, INC. v. WAGERS.
(433 SE2d 392)

SMITH, Judge.

Adkins and Wagers brought separate actions for damages against their mutual employer, CSX Transportation, Inc., seeking recovery under the Federal Employers Liability Act (FELA), 45 USC § 51 et seq., for injuries sustained as a result of the same occupational disease. After discovery, CSX moved in each case for summary judgment on the basis of the statute of limitation. Although these motions were denied, the trial court timely certified its orders for immediate review. OCGA § 5-6-34 (b). CSX's applications for interlocutory appeal were granted by this court and timely notices of appeal were filed. The appeals raise identical enumerations of error arising out of substantially the same set of facts. Accordingly, they are hereby consolidated for disposition on appeal.

The evidence here would authorize finding the following facts: Plaintiffs have been employed by appellant for 19 years and 16 years respectively. Their primary responsibilities were to degrease diesel engines and engine parts by applying chemical solvents. The specific injury for which each plaintiff seeks recovery is toxic encephalopathy resulting from continued exposure to these chemical solvents. According to the medical testimony, the onset of toxic encephalopathy is manifested by memory loss, depression, confusion, loss of balance, and headaches. Throughout the years, each had experienced skin irritation upon direct contact with the solvent and a form of intoxication or light-headedness after exposure. However, these reactions were always temporary. Neither plaintiff had experienced memory loss or depression before as a result of exposure. Medical testimony distinguished between symptoms of *exposure*, such as the skin irritation and dizziness, and symptoms of *injury*, such as the loss of memory, depression, and loss of balance and coordination even in the absence of exposure to the solvent.

The applicable statute of limitation is 45 USC § 56: "No action shall be maintained under [the FELA] unless commenced within three years from the day the cause of action accrued." With respect to occupational diseases compensable under the FELA, " 'no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; conse-

quently, the afflicted employee can be held to be "injured" only when the accumulated effects of the deleterious substance manifest themselves. . . .' [Cit.]" *Urie v. Thompson*, 337 U. S. 163, 170 (69 SC 1018, 93 LE 1282) (1949).

" 'A claim accrues under the FELA only when the [employee] possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known. [Cits.]' [Cit.]" *Robb v. CSX Transp.*, 204 Ga. App. 690, 693 (420 SE2d 370) (1992). However, an employee cannot avoid the statute of limitation by choosing to ignore the early signs and symptoms of his disease. A plaintiff has a duty to investigate an injury and cause when he experiences symptoms. *Bowles v. CSX Transp.*, 206 Ga. App. 6, 8 (2) (424 SE2d 313) (1992). In both *Robb* and *Bowles*, the claimant employee had been informed by a physician of the existence of hearing loss, the injury for which recovery was sought, well before the three-year period prior to the filing of suit. Because of this prior information, 45 USC § 56 was held to bar an action commenced more than three years after the employee had been so informed.

In this case, CSX supported its motion for summary judgment with undisputed evidence that both Adkins and Wagers always suffered skin irritation and temporary intoxication from exposure to the solvent supplied by CSX. Recognizing the medical distinction between the temporary symptoms of non-injurious exposure and the additional and qualitatively different symptoms of permanent injury, CSX's evidence only confirms the existence of a genuine issue of material fact as to whether either employee should have investigated sooner the possibility of permanent injury. Viewing the evidence in the light most favorable to the non-movant employees, they did not possess all the critical facts until they were examined and informed by a physician in 1989. In that event, the claims were not untimely under 45 USC § 56 as a matter of law, and the trial court correctly denied summary judgment to CSX on the basis of the statute of limitation.

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATIONS DENIED JULY 14, 1993 — ▮▮▮▮▮▮

*Alston & Bird, Jack H. Senterfitt, Linda G. Carpenter*, for appellant.

*Burge & Wettermark, F. Tucker Burge, Michael J. Warshauer*, for appellees.