S93G1664. CSX TRANSPORTATION, INC. v. ADKINS et al.

(442 SE2d 737)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals in *CSX Transp. v. Adkins,* 209 Ga. App. 488 (433 SE2d 392) (1993), to determine whether the causes of action in this case accrued more than three years before the suits were filed and were, therefore, barred by the statute of limitation. On September 5, 1990, Donnie Adkins and Roy Wagers filed suit against CSX Transportation, Inc. (CSX) seeking damages under the Federal Employers Liability Act (FELA), 45 USC § 51 et seq., for injuries resulting from work-induced toxic encephalopathy, a degenerative brain disease. After discovery, CSX moved for summary judgment in both cases on the grounds that the action was brought outside the statute of limitation. The trial court denied the motions. On interlocutory appeal, the Court of Appeals affirmed the trial court, holding that there was a genuine issue of material fact as to whether either employee should have investigated sooner the possibility of permanent injury. We agree and affirm.

Donnie Adkins and Roy Wagers were employed by CSX for many years at the Corbin diesel locomotive shop, where both men had as one of their primary duties the degreasing of locomotive electrical parts. The solvents used in the degreasing process are volatile chlorinated hydrocarbons which are toxic with chronic overexposure. From the beginning and throughout the years of their employment with CSX, both Adkins and Wagers experienced various symptoms of exposure to these solvents. More recently, both men have suffered from memory loss, depression, confusion, loss of balance and headaches, the symptoms of toxic encephalopathy.

Actions maintained under the FELA must be filed within three years from the day the cause of action accrues. 45 USC § 56. A claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known. *Dubose v. Kansas City Southern R. Co.,* 729 F2d 1026 (5th Cir.), cert. den. 469 U. S. 854 (105 SC 179, 83 LE2d 113) (1984). CSX points out that Adkins and Wagers testified to experiencing symptoms of exposure from the beginning of their employment, and that the men both were aware that their symptoms improved when they moved away from the solvents and also complained that these symptoms were caused by their exposure to the solvents. From this, CSX argues that the plaintiffs knew, or in exercise of reasonable diligence should have known, of their injuries and

the governing cause of the injuries prior to three years before the suits were filed. This argument, as the Court of Appeals found, fails to recognize the medical distinction between temporary symptoms of non-injurious exposure, and the other and different symptoms of permanent degenerative brain disease. The plaintiffs' medical expert testified by affidavit that the symptoms of exposure were not injuries and are not the same as the symptoms of toxic encephalopathy, a disease which is purely latent. An individual may suffer symptoms of exposure for years without or before developing this chemically caused injury or disease. While we disagree with the suggestion by the Court of Appeals that the existence of a medical diagnosis is necessary for one to be charged with knowledge of an injury and its cause,[1] the evidence in this case was sufficient to authorize a jury to find that Adkins and Wagers did not possess all the critical facts necessary to recognize injury and causation until they were examined and diagnosed by a physician.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 2, 1994 —
RECONSIDERATION DENIED MAY 26, 1994.

*Alston & Bird, Jack H. Senterfitt, Linda G. Carpenter,* for appellant.

*Burge & Wettermark, Frank T. Burge, Michael J. Warshauer, Van Kirk McCombs II,* for appellees.

---

[1] *Adkins,* 209 Ga. App. at 489. The federal courts have rejected the proposition that a cause of action for an occupational disease does not accrue until a plaintiff has been advised of the cause of his injury by a physician. See, e.g., *Sun Shipbuilding &c. Co. v. McCabe,* 593 F2d 234, 238 (3rd Cir. 1979) ("Although a physician telling an employee that his injury is work-related establishes a date no later than which the employee knows this fact, it does not exclude the possibility that the employee should have known of the relationship of the injury to employment prior to that date."); *Jones v. Maine Central R. Co.,* 690 FSupp. 73 (D.Me. 1988) (Claim accrues under FELA when employee becomes aware not only of disease but also its cause; however, definite knowledge from medical diagnosis that injury is work-related is not required.). Such a requirement has also been rejected in a prior decision of the Court of Appeals. See *Robb v. CSX Transp.,* 204 Ga. App. 690 (420 SE2d 370) (1992) (Where plaintiff who was exposed to excessive noise experienced hearing loss years before consulting a doctor about his hearing problems, the question of whether or not his condition was bad enough to cause him to go to a doctor is irrelevant since the evidence showed that he knew of its condition and cause.).