A98A0504. LEE v. CSX TRANSPORTATION, INC.
(503 SE2d 309)

Judge Harold R. Banke.

Clifford Lee, Jr., sued CSX Transportation, Inc. ("CSX") under the Federal Employers' Liability Act ("FELA") for a purported hearing loss allegedly sustained while employed by CSX and its predecessors. Enumerating two errors, Lee appeals from the summary judgment awarded to CSX.

The trial court granted CSX's second motion for summary judgment because Lee failed to offer competent evidence in opposition thereto. The court refused to consider Lee's unverified supplemental responses to CSX's interrogatories and rejected Lee's two expert "affidavits." In finding that neither "affidavit" was lawful, the court noted that neither document contained a valid jurat indicating that the matters testified therein were sworn to in the presence of a person duly authorized to administer oaths and that neither document stated that either witness was competent to testify. In addition, these two "affidavits" were not accompanied by the audiogram to which each referred. *Held*:

1. The trial court did not err in finding that Lee's supporting "affidavits" were legally insufficient. In the absence of a valid jurat, a writing purportedly in the form of an affidavit has no force and no validity. *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994). Creating a valid affidavit necessitates the presence of an officer, the affiant, the paper itself, and the administration of a proper oath. *Harvey*, 213 Ga. App. at 320. The affiant " 'must swear to it, and the fact of his swearing must be certified by a proper officer.' " *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985).

Here, each document is signed "respectfully submitted," but does

not attest to having been sworn. Above the signature of the notary each writing says that "the Affiant personally appeared before me, a Notary Public, and acknowledged the foregoing instrument in the jurisdiction aforesaid." A conclusory reference to a witness as an "affiant" and a mere "acknowledgment" do not constitute a valid jurat within the meaning of our law.[1] Because the two documents were not "sworn to and subscribed before," a proper witnessing official and do not affirmatively state that either witness took an oath, they are not valid affidavits. *D'Zesati*, 174 Ga. App. at 143.

Further, we note that neither "affidavit" stated that it was based on "personal knowledge" or attached sworn or certified copies of the documents to which each referred. *Hailey v. Blalock*, 209 Ga. App. 345, 347-348 (2) (433 SE2d 337) (1993). Nor did they clearly identify where these documents could be found in the record in order to sufficiently present them to the trial court. See id. Consequently, the "affidavits" lack probative value to create an issue of fact. *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414, 417 (2) (336 SE2d 268) (1985).

2. The trial court did not err in determining that Lee lacked proof that CSX caused his alleged hearing loss. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the non-movant's case. *Carlock v. Kmart Corp.*, 227 Ga. App. 356 (489 SE2d 99) (1997). On summary judgment, CSX could and did discharge its burden by pointing out by reference to the affidavits, depositions, and other documents in the record, the absence of evidence to support Lee's prima facie case. See id.

In all FELA lawsuits, the plaintiff bears the burden of proving medical causation. See *Bowles v. CSX Transp.*, 206 Ga. App. 6, 7-8 (2) (424 SE2d 313) (1992). To satisfy this burden, a plaintiff must provide expert medical testimony where the disposition of a medical question, as here, controls the resolution of the case. *Lutz v. CSX Transp.*, 208 Ga. App. 894, 896 (432 SE2d 569) (1993).

The record shows that Lee failed to sustain that burden. Lee could not rely on his unsworn responses to interrogatories or on the "affidavits." Unverified responses cannot be considered in opposition to summary judgment.[2] See *Los Angeles Tile Co. v. Chatham County Bd. &c.*, 209 Ga. App. 245, 247-248 (433 SE2d 82) (1993); *Johnson v. Hames Contracting*, 208 Ga. App. 664, 668 (4) (c) (431 SE2d 455)

---

[1] Lee's reliance on the definition in Black's Law Dictionary (6th ed.) for "acknowledgment" as meaning "to admit, affirm, declare, testify, avow, confess, or own as genuine" is unpersuasive. The same resource defines "jurat" as "[t]he clause written at the foot of an affidavit, stating when, where, and before whom such affidavit was sworn." Id.

[2] Although Lee asserted that he first noticed a hearing loss within three years of filing his complaint, Lee had no recollection of ever seeing a physician concerning any problems with his hearing during the nine years before that filing.

(1993). Nor could the two invalid "affidavits" save Lee's case because they were tantamount to having filed no affidavits. *Phoebe Putney Mem. Hosp. v. Skipper*, 226 Ga. App. 585, 586 (487 SE2d 1) (1997). Lee's naked assertion that CSX caused his hearing loss, without any probative medical evidence, could not withstand CSX's motion for summary judgment. OCGA § 9-11-56 (c).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 19, 1998.

*Edward S. Cook*, for appellant.
*Casey, Gilson & Williams, James E. Gilson*, for appellee.