A00A1188. KROPP v. ROBERTS et al.
A00A1189. CANDLER HOSPITAL, INC. v. ROBERTS et al.
(540 SE2d 680)

BLACKBURN, Presiding Judge.

This case involves the adequacy of an expert's affidavit filed in support of a medical malpractice action. Gwendolyn Roberts, acting in a representative capacity, brought a medical malpractice claim against William Kropp, M.D., and Candler Hospital, Inc.[1] She filed the affidavit of R. A. Janho, M.D., with the complaint. The affidavit alleged professional negligence on the part of the defendants. However, the affidavit showed that Dr. Janho signed it on May 31, 1998, while the notary's signature and seal were dated June 3, 1998. Arguing that the affidavit was invalid, defendants made separate motions to dismiss. Roberts subsequently filed an additional affidavit of Dr. Janho which affirmed that Dr. Janho had signed the earlier affidavit in the presence of the notary.

---

[1] Vanessa Brown, as next friend and natural mother of Elicia Brown and Elijah Brown, was added later as a party plaintiff.

Because the trial court found Roberts had entered evidence outside the pleadings, it converted defendants' motions to dismiss into motions for summary judgment. On October 27, 1999, the trial court issued its order denying defendants' motions to dismiss/ motions for summary judgment. Dr. Kropp filed this appeal following our grant of his application for interlocutory appeal. Candler Hospital cross-appeals.

### *Case No. A00A1188*

Our review of the record is de novo. See *Pyle v. City of Cedartown*.[2] " 'In order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.' " *Harris v. Murray*.[3] The signatures of the affiant and the officer in Dr. Janho's affidavit appear to be made on different days, bringing into question whether the two were together at the same time and place. Dr. Kropp maintains that the affidavit was therefore a nullity and not subject to amendment. However, it has been clearly established that where the date of the affiant's signature and the date of the notary's attestation differ, "such error is an amendable defect and does not render the affidavit void ab initio." *Weekes v. Nationwide Gen. Ins. Co.*[4]

Plaintiffs filed a second affidavit affirming that Dr. Janho had taken the oath on June 3, 1998, and not May 31, 1998, as indicated in his initial affidavit. However, the subsequent affidavit was filed 34 days after Dr. Kropp had filed his motion to dismiss. Dr. Kropp argues that the defect in the initial affidavit was not timely cured because it was not filed within the 30-day time period established by OCGA § 9-11-9.1 (d).[5] *Weekes*, supra. OCGA § 9-11-9.1 (d) provides:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed contemporaneously with its initial responsive pleading, that said affidavit is defective, the plaintiff's complaint is subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. The trial court may, in the exercise of its

---

[2] *Pyle v. City of Cedartown*, 240 Ga. App. 445, 446 (524 SE2d 7) (1999).

[3] *Harris v. Murray*, 233 Ga. App. 661, 664 (3) (504 SE2d 736) (1998).

[4] *Weekes v. Nationwide Gen. Ins. Co.*, 232 Ga. App. 144, 146 (1) (500 SE2d 620) (1998).

[5] The record indicates that Dr. Kropp served his motion to dismiss by mail. However, even adding an additional three days to Roberts' time to respond, as allowed by OCGA § 9-11-6 (e), the subsequent affidavit was not filed within the 30-day statutory cure period.

discretion, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.

Trial courts may consider affidavits which are not filed or served within the time limits contemplated by the statutes, and it is not necessary to note the exercise of discretion on the record. *Liberty Nat. Life Ins. Co. v. Houk*;[6] see also *Washington v. Ga. Baptist Med. Center*,[7] rev'd on other grounds, *Porquez v. Washington.*[8] OCGA § 9-11-9.1 (d) expressly allows the trial court, in its discretion, to extend the time for filing amendments to defective affidavits. In its order on defendants' motions to dismiss/motions for summary judgment, the trial court expressly considered Dr. Janho's subsequent affidavit in finding the initial affidavit sufficient for purposes of OCGA § 9-11-9.1. The timeliness of the filing of the subsequent affidavit was not addressed in its order, but the trial court was nevertheless authorized to consider an untimely filed affidavit. We have previously noted that "the intent behind OCGA § 9-11-9.1 [is] to thwart the filing of frivolous lawsuits." *Harris*, supra at 666-667. The trial court's decision to consider the subsequent affidavit did not run counter to this intent and was within the trial court's traditional and statutorily expressed powers, and there is no basis here to question the exercise of its discretion. The order upholding the sufficiency of the affidavit is affirmed.

## *Case No. A00A1189*

In its cross-appeal, Candler Hospital challenges the court order denying its motion to dismiss. This is the same order considered above, and Candler Hospital raises the same issues with regard to the adequacy of Dr. Janho's affidavit that are raised by Dr. Kropp. Accordingly, and for the reasons stated above with respect to Case No. A00A1188, we affirm the denial of Candler Hospital's motion to dismiss.

*Judgments affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 24, 2000.

*Oliver, Maner & Gray, William P. Franklin, Jr., Patricia T. Paul,* for appellant (case no. A00A1188).

---

[6] *Liberty Nat. Life Ins. Co. v. Houk*, 248 Ga. 111, 112 (1) (281 SE2d 583) (1981).
[7] *Washington v. Ga. Baptist Med. Center*, 223 Ga. App. 762, 764 (1) (478 SE2d 892) (1996).
[8] *Porquez v. Washington*, 268 Ga. 649 (492 SE2d 665) (1997).

*Brennan & Wasden, Wiley A. Wasden III, Elizabeth A. White*, for appellant (case no. A00A1189).

*Savage & Turner, Brent J. Savage, Ivanna M. Livingstone, C. Dorian Britt, Harris O'Dell, Jr.*, for appellees.