811 So.2d 673 (2001)
Danny K. BATTEN, Appellant,
v.
CSX TRANSPORTATION, INC., a foreign corporation, Appellee.
No. 1D00-3517.
District Court of Appeal of Florida, First District.
November 16, 2001.
Rehearing Denied April 4, 2002.
Scott B. Parks of Parks and Associates, Jacksonville, for Appellant.
Michael P. Milton and Sean L. Mulhall of Milton, Leach, D'Andrea & Ritter, Jacksonville, for Appellee.
PER CURIAM.
Danny K. Batten appeals a summary judgment granted in favor of the railroad, CSX Transportation, Inc., appellee, in his negligence suit under the Federal Employer's Liability Act (FELA). We affirm without discussion the trial court's determination that Batten's claim in Count I of his complaint for negligent infliction of emotional distress does not meet the "zone of danger" test set forth in Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). See also Gottshall v. Consolidated Rail Corp., 56 F.3d 530 (3d Cir.1995). As to Batten's Count II claim that the railroad negligently exposed him to toxic solvents which caused him to suffer the symptoms of organic affective syndrome, we agree with Batten that the trial court erred in granting summary judgment for the railroad. The trial court's ruling as to Count II was based both on its conclusion that the evidence was insufficient to support a finding of negligence on the part of CSX and upon the three-year FELA statute of limitations. See 45 U.S.C. § 56. The affidavits of the medical professionals and others filed in opposition to the motion for summary judgment create a genuine issue of material fact on the question of whether the railroad negligently caused physical injury to Batten by exposing him to toxic solvents. See Berry v. CSX Transp., Inc., 709 So.2d 552 (Fla. 1st DCA 1998). Similarly, *674 those affidavits create a genuine issue of material fact as to whether Batten "possess[ed] all the critical facts necessary to recognize injury and causation until [he was] examined and diagnosed by a physician" in 1999. CSX Transp., Inc. v. Adkins, 442 S.E.2d 737, 738 (Ga. 1994), cert. denied, 513 U.S. 947 (1994). Accordingly, it was error for the trial court to grant summary judgment as to Count II and we reverse that part of the order on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WOLF, VAN NORTWICK AND BROWNING, JJ., CONCUR.