A02A2362. HALL v. NORFOLK SOUTHERN RAILWAY COMPANY.
(574 SE2d 902)

BLACKBURN, Chief Judge.

In this action based on the Federal Employers' Liability Act, 45 USC § 51 et seq., Jimmy D. Hall appeals the grant of summary judgment to Norfolk Southern Railway Company, contending that the trial court erred by finding that his claim was barred by the applicable three-year statute of limitation. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable con-

---

[3] *Butler v. Huckabee*, 209 Ga. App. 761, 762 (2) (434 SE2d 576) (1993).

clusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that Hall worked for Norfolk as a conductor from April 18, 1969, through December 3, 1998. As part of his duties, Hall often had to hang on the side of moving boxcars, climb ladders, line switches, mount and dismount boxcars, and couple air hoses. Hall deposed that these activities had been causing pain in his shoulders since at least the late 1980s.

On January 4, 1996, Hall sought treatment in an emergency room for sharp pain in his shoulder, and he was diagnosed with a joint degenerative disorder. In reaching his diagnosis, the emergency room doctor noted: "Patient complains of having . . . right shoulder pain for approximately one day prior to arrival. No [history] of trauma, but [patient] works for the railroad, and pulls up onto the trains frequently." Despite this notation, Hall deposed that he could not remember what the emergency room doctor told him about the cause of his injury.

Within a few days of going to the emergency room, Hall saw both his family physician, Dr. Huyn, and a specialist, Dr. Jove. Dr. Jove ultimately diagnosed Hall with tendonitis in his shoulder and conveyed a note to Norfolk stating that Hall should not do any heavy lifting or pushing for a limited period of time. Hall maintains that he did not discuss the cause of his symptoms with either Huyn or Jove, and he simply ascribed his aches to old age or arthritis.

Hall continued to work for Norfolk, experiencing intermittent pain in his shoulder while performing his duties. In November 1998, Hall returned to Dr. Jove for pain in his shoulder, and, after an MRI, he was diagnosed with a torn rotator cuff in December 1998. Hall stated that, until he was diagnosed with a torn rotator cuff on December 7, 1998, he did not realize that his injuries were work-related.

On November 3, 2000, Hall filed this FELA action against Norfolk, contending that his shoulder injury was caused by Norfolk's negligent maintenance of its track and roadbed. On January 7, 2002, Norfolk filed a motion for summary judgment, contending that Hall's claim was barred by the statute of limitation. The trial court granted this motion, and Hall now appeals.

Pursuant to Section 56, Title 45, United States Code, "[n]o action shall be maintained under this act unless commenced within three years from the day the cause of action accrued."

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

"Accrual is defined in terms of two components, the injury and its cause, for statute of limitations purposes." *Fries v. Chicago & Northwestern Transp. Co.*[2] "When it comes to an occupational illness which is not immediately apparent . . . it is hard to pinpoint the date of accrual." *Robb [v. CSX Transp.]*[3] In *Urie v. Thompson*,[4] the Supreme Court concluded that an employee inflicted with a gradual injury " 'can be held to be "injured" only when the accumulated effects of the deleterious substances manifest themselves.' (Cit.)" Consequently, " 'a plaintiff cannot avoid the statute of limitation by choosing to ignore the early signs and symptoms of his disease[;] a plaintiff has a duty to investigate an injury and the cause of the injury when he experiences symptoms of an injury. Thus, it has been held that a claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known.' (Citations and punctuation omitted.)" *Bowles v. CSX Transp.*[5]

### *Lutz v. CSX Transp.*[6]

In this case, the evidence supports the trial court's finding that Hall possessed sufficient critical facts at least as early as 1996 to discern both his injury and its cause. Hall testified that he began experiencing shoulder pain in the late 1980s and that he noticed this pain while he was performing his duties at work. He further testified that the only place that he performed such physical activity was at work. In 1996, Hall sought treatment from an emergency room physician, who specifically noted on Hall's file that, although he had no history of trauma, he did work for the railroad, "and pulls up onto the trains frequently." In light of the facts that, by the time he visited the emergency room in 1996, Hall knew about his shoulder pain and knew that it occurred while he was performing his duties, we cannot say that the trial court erred by finding that Hall should have known that his injuries were work-related at that time. Therefore, the statute of limitation on Hall's claim began running at least in 1996, and it had expired by the time Hall filed his complaint in 2000.

Hall's reliance on an affidavit filed by him in response to Norfolk's motion for summary judgment does not change this result.

---

[2] *Fries v. Chicago & Northwestern Transp. Co.*, 909 F2d 1092, 1094 (7th Cir. 1990).

[3] *Robb v. CSX Transp.*, 204 Ga. App. 690, 693 (420 SE2d 370) (1992).

[4] *Urie v. Thompson*, 337 U. S. 163, 170 (69 SC 1018, 93 LE 1282) (1949).

[5] *Bowles v. CSX Transp.*, 206 Ga. App. 6, 8 (424 SE2d 313) (1992).

[6] *Lutz v. CSX Transp.*, 208 Ga. App. 894, 895 (432 SE2d 569) (1993).

Shortly after Norfolk's motion, Hall filed an affidavit in which he stated:

> In January 1996 . . . I went to the emergency room . . . and saw an emergency room doctor. I told him about my problem and he asked about my work and the duties of my work. I asked him whether my work could be causing my problem and he said that it was not my work. He told me I was just getting old and had arthritis. He confirmed what I thought before I went to see him.

Hall now contends that, because the emergency room doctor told him that his shoulder pain was not work-related, the statute of limitation did not begin to run until he was diagnosed with a torn rotator cuff in 1998.

Hall's affidavit, however, conflicts directly with deposition testimony given by him eight months earlier. While being deposed, Hall stated that he did not remember what the emergency room doctor told him about his injury. Apparently, Hall's memory was not restored until Norfolk filed its motion for summary judgment.

> In considering a motion for summary judgment, all the evidence is normally construed in favor of the nonmoving party, but testimony by the nonmoving party which contradicts other testimony given by the nonmoving party will be construed against that party, unless a reasonable explanation for the contradiction is offered. *Prophecy Corp. v. Charles Rossignol, Inc.*[7]

*Rabenstein v. Cannizzo.*[8]

In *Rabenstein*, the victim of an automobile accident brought suit against the driver after cashing a check from the liability insurer. The check stated on its face that it constituted final settlement of the victim's claim. Initially, the victim deposed that she could not recall whether she saw the notation on the front of the check or whether the insurance company verbally told her that the check constituted settlement. Three months later, in opposition to the driver's motion for summary judgment, the victim filed an affidavit in which she stated that her memory had returned and that she affirmatively did not see settlement language on the check and that she had not been informed of the settlement by the insurance company. Because the victim's deposition and affidavit were conflicting, we eliminated the

---

[7] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986).
[8] *Rabenstein v. Cannizzo*, 244 Ga. App. 107, 109 (534 SE2d 847) (2000).

favorable portions of the affidavit because the victim failed to provide an explanation for the inconsistency.

The precedent of *Rabenstein* is directly applicable to this case. In his deposition, Hall clearly stated that he could not recall what the emergency room doctor told him about his injuries; however, in his later affidavit, he testified that he affirmatively remembered that the doctor told him that his injury was not work-related. Hall has provided no explanation for this inconsistency. As such, Hall's affidavit testimony was properly construed against him by the trial court. *Prophecy Corp.*, supra.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002.

*DiFilippo, Clark & Easom; Gary F. Easom*, for appellant.
*Crowley & Clarida, Daryl G. Clarida, Jeremy E. Citron*, for appellee.