## A04A1520. HARRIS v. EMORY HEALTHCARE, INC.
### (603 SE2d 778)

PHIPPS, Judge.

Benjamin S. Harris sued Emory Healthcare, Inc. and Dr. Regis W. Haid, a neurosurgeon, for medical malpractice. Pursuant to OCGA § 9-11-9.1 (a), Harris submitted the affidavit of a nurse practitioner, who opined that Haid had deviated from the appropriate standard of medical care in treating Harris's spinal condition. Emory Healthcare and Haid moved to dismiss the complaint, arguing that the affidavit was insufficient because it was not given under oath and the affiant was not an expert competent to testify against Haid in this case. The trial court agreed and granted the motion. Harris appeals, but we affirm.

On appeal from the grant of a motion to dismiss, we review the record de novo.[1]

Harris contends that the court erred in finding that the affidavit was not executed by the affiant under oath. "In order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath."[2] Although the oath need not be formal nor contain any specific words, "there must be, in the presence of the officer, something done whereby the person to be bound consciously takes upon himself the obligation of an oath."[3]

In this case, the affidavit concluded with a statement in which the notary public placed a checkmark indicating whether the affiant "(  ) did or (✔) did not take an Oath." The notary public checked the second option. This checkmark expressly indicates that the statements contained in the purported affidavit were *not* given under oath. Absent evidence showing that — despite the checkmark — the act of swearing was completed, the trial court did not err in finding the affidavit insufficient because the oath requirement was not met.[4]

---

[1] *Kropp v. Roberts*, 246 Ga. App. 497, 498 (540 SE2d 680) (2000).

[2] (Citation and punctuation omitted.) *Harris v. Murray*, 233 Ga. App. 661, 664 (3) (504 SE2d 736) (1998).

[3] (Citation and punctuation omitted.) Id.; see also *Lee v. CSX Transp.*, 233 Ga. App. 30 (1) (503 SE2d 309) (1998).

[4] See *Lee*, supra.

Thus, Harris did not comply with the requirements of OCGA § 9-11-9.1 by attaching a legally sufficient affidavit to his complaint, and the trial court properly dismissed his complaint.[5]

In light of this ruling, we need not address Harris's argument that the trial court erred by finding that the nurse practitioner was not an expert competent to testify against Haid.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 26, 2004.

Benjamin S. Harris, *pro se.*

*Allen & Weathington, Hunter S. Allen, Jr., Amy M. Hoffman, Gary R. McCain,* for appellee.

---

[5] See *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994).