**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 9, 2012**

# In the Court of Appeals of Georgia

A12A0271. SCHOFILL v. PHOEBE PUTNEY HEALTH SYSTEMS, INC.

ADAMS, Judge.

On October 22, 2010, Bernie Schofill filed a medical malpractice action against Phoebe Putney Health Systems, Inc., d/b/a Phoebe Convenient Care, seeking to recover for injuries he allegedly received when a nurse at the health facility negligently administered an intramuscular injection. Pursuant to OCGA § 9-11-9.1, Schofill also filed the affidavit of a registered nurse (Jeinnie Avera), who opined, inter alia, that the nurse who administered the shot breached the standard of care "by going beyond the anatomical landmark range to safely administer the IM injection at the dorsogluteal site." A few weeks later, Schofill filed an amendment to his complaint, attaching Avera's curriculum vitae, which he said was inadvertently omitted when he filed the original complaint.

Defendant answered and filed a motion to dismiss, contending that the affidavit Schofill filed with his complaint did not meet the requirements of OCGA § 9-11-9.1 or OCGA § 24-9-67.1 (c), specifically that Avera lacked actual professional knowledge in rendering care under circumstances similar to those forming the basis of the malpractice action in this case. Schofill responded and raised various arguments, including that the filed affidavit and curriculum vitae were sufficient to satisfy the requirements of both 9-11-9.1 and 24-9-67.1.

Although we do not have a transcript of the hearing on the motion, it is undisputed that a hearing was held and that subsequent to that hearing, on May 2, 2011, Schofill filed an amended affidavit from Nurse Avera. On May 4, 2011, defendant filed a motion to exclude or strike the amended affidavit on the basis that it was not timely filed. Schofill filed a response on May 5, 2011, contending that, pursuant to OCGA § 9-11-9.1 (e), the trial court had discretion to consider the amended affidavit even though it was filed more than 30 days after defendant's motion to dismiss.

Several days later, on May 17, 2011, the trial court granted defendant's motion to dismiss the complaint. In its order, the trial court determined that the first affidavit Schofill filed with his complaint did not meet the requirements of OCGA § 24-9-67.1. Further the court also found that it could not "accept" the amended affidavit because

2

it was not filed within 30 days of the filing of the motion to dismiss and Schofill had not sought an extension of time based on excusable neglect pursuant to OCGA § 9-11-6 (b) (2) to file the amended affidavit outside the 30-day window. Schofill filed a motion to reconsider, arguing that OCGA § 9-11-9.1 (e) gives the trial court "blanket authority" to consider an amended affidavit as the court determines justice requires. The trial court denied that motion, finding that Schofill had merely reasserted arguments already considered and rejected by the court. Schofill now appeals, arguing that the trial court erred by refusing to accept his amended affidavit.[1]

1. Schofill's first enumeration is premised upon OCGA § 9-11-9.1 (e), which provides as follows:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. The trial court may, in the exercise of its discretion, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.

---

[1] Schofill does not enumerate any error with respect to the sufficiency of his first affidavit.

Relying on this language, Schofill argues that the trial court erred by refusing to exercise its discretion to accept his amended affidavit because OCGA § 9-11-9.1 (e) plainly allows a trial court to exercise discretion to consider an amended or supplemental affidavit filed outside the 30-day window "as it shall determine justice requires," and nothing in that section requires that plaintiff first show that his or her failure to file an amended affidavit within 30 days of the motion to dismiss was the result of excusable neglect as required by OCGA § 9-11-6 (b).[2]

Our analysis begins with the settled maxim that in interpreting statutes, we must look diligently for the intent of the legislature. Further, "when we search for this intention, we always must presume that the General Assembly means what it says and says what it means." *Northeast Atlanta Bonding Co. v. State*, 308 Ga. App. 573, 577 (1) (707 SE2d 921) (2011). And lastly, we must remember that "a specific statute will prevail over a general statute, absent any indication of contrary legislative intent, to

---

[2] That section provides as follows: "When by this chapter or by a notice given thereunder . . . an act is required or allowed to be done at or within a specified time, the parties, by written stipulation of counsel filed in the action may extend the period, or the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period extended if request therefor is made before the expiration or the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect."

4

resolve any inconsistency between them." (Punctuation and citation omitted.) *GMC Group, Inc. v. Harsco Corp.*, 293 Ga. App. 707 (667 SE2d 916) (2008).

Turning to the statute here, our Supreme Court has held that this section[3] "affirms the legislative intent that a plaintiff have a broad right to cure by amendment an allegedly defective affidavit accompanying a charge of professional malpractice." *Porquez v. Washington*, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997). Further, OCGA § 9-11-9.1 (e) applies specifically to responses or amended affidavits filed in response to a motion to dismiss based on defects in a previously filed affidavit, such as in the case at hand, while OCGA § 9-11-6 (b) is a general statute providing for extensions of time "[w]hen by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time . . . ."

Further, this Court has previously determined that OCGA § 9-11-9.1 (e) "expressly allows the trial court, in its discretion, to extend the time for filing amendments to defective affidavits[,]" *Kropp v. Roberts*, 246 Ga. App. 497, 499 (540 SE2d 680) (2000) and grants the trial court the authority to consider an "untimely" filed amended or supplemental affidavit.

---

[3]The Supreme Court was considering a prior version of what is now codified at OCGA § 9-11-9.1 (e), but the language at issue is substantially the same. Further, we note that the language that is now contained in subsection (e) was formerly contained in other subsections of OCGA § 9-11-9.1.

5

In this case, the trial court refused to accept the amended affidavit because it "was not accompanied by a motion alleging excusable neglect [per OCGA § 9-11-6 (b)]." But based on the foregoing, the trial court erred by finding that, in the absence of a showing of excusable neglect, it had no discretion to allow Schofill to file his late-filed amended affidavit, and therefore we must vacate and remand this case so as to allow the court an opportunity to determine whether it should exercise its discretion "as it shall determine justice requires" to consider Schofill's amended affidavit. We stress however, that in doing so, we do not intend to intimate an opinion about the outcome of that determination.[4]

2. Further, Schofill argues "that the trial court's apparent belief that it was unable to consider his expert's amended affidavit absent a showing of excusable neglect has the effect of excluding probative trial evidence." However, because we are vacating the trial court's order and remanding this case to allow the trial court to

---

[4] Although the defendant cites *Cogland v. Hosp. Auth. of the City of Bainbridge*, 290 Ga. App. 73 (658 SE2d 769) (2008) in opposition to Schofill's contentions, we do not think that case requires a different result. There is no indication that the issue of the trial court's discretion under OCGA § 9-11-9.1 (e) was considered in determining whether the trial court abused its discretion by granting defendant's motion to strike the late-filed response and affidavit, whereas in this case that issue has been put squarely before us. Id. at 75 (1).

6

exercise its discretion under the proper standard, we need not consider this enumeration of error.

*Judgment vacated and case remanded with direction. Barnes, P. J., and McFadden, J., concur.*