75020. FALCONE INTERNATIONAL, INC. v. CLOWES.
(361 SE2d 708)

SOGNIER, Judge.

James P. Clowes brought an action against his former employer, Falcone International, Inc., to recover salary and reimburseable expenses he claimed were owed him for services fully performed under an executed oral employment contract. Clowes died during the pendency of the litigation and Dottie Clowes, executrix of his estate, was substituted as plaintiff. The trial court granted Clowes' motion for summary judgment and Falcone International appeals.

1. In several related enumerations of error, appellant contends the trial court erred by granting summary judgment in favor of appellee because genuine issues of material fact exist with regard to the terms of the employment contract. In support of her motion for summary judgment, appellee proffered the affidavit of her decedent, in which he swore that under the terms of his employment contract with appellant, he was to be paid a salary of $3,500 per month and an

automobile allowance of $300 per month, and that $28,600 in salary and reimburseable expenses was owed him under that contract. Appellant filed no response to appellee's motion for summary judgment. Appellant argues, however, that the trial court erred by failing to consider its previously filed interrogatory answers in ruling on the motion. Appellant asserts that a genuine issue of material fact is raised by statements in the interrogatory answers that under the terms of the employment agreement no salary was to be paid to appellee's decedent unless and until his work or services made appellant a profitable corporation (which it was not), and that all reimburseable expenses had been paid.

Pretermitting the question whether the affidavit submitted in support of appellee's motion for summary judgment is itself admissible in evidence, we agree with appellant that its answers to appellee's interrogatories were sufficient to raise an issue of fact concerning the terms of the oral employment agreement. Under the provisions of OCGA § 9-11-56 (e) interrogatory answers may properly be considered when ruling on a motion for summary judgment. *Benefield v. Malone*, 110 Ga. App. 607, 612 (3) (139 SE2d 500) (1964). Appellant's interrogatory answers were verified by Jimmy Len Orton, president of appellant, who stated under oath that the facts contained in the answers were "true and correct to the best of his information, knowledge and belief where derived from his own knowledge, and, where derived from the knowledge or information of others, he verily believes them to be true and correct." Contrary to appellee's argument that since it is impossible to ascertain which answers are properly based on personal knowledge, none of the answers may be considered, it is readily discernible from the answers that Orton was present when James Clowes agreed to enter into the contingent compensation arrangement, and that therefore Orton's information about that agreement is based upon personal knowledge. Even if appellant's interrogatory answers do contain some material which is not derived from personal knowledge and therefore does not satisfy the requirements of OCGA § 9-11-56 (e) as a response to a motion for summary judgment, those portions of the answers which clearly are derived from personal knowledge do meet the requirements of the statute and must be considered. See *Harvey v. C. W. Matthews Contracting Co.*, 114 Ga. App. 866 (1) (152 SE2d 809) (1966). Since the admissible material in the answers raises a material question of fact as to the terms of the employment agreement, the trial court erred by granting appellee's motion for summary judgment. See generally *Hively v. Davis*, 181 Ga. App. 733, 734 (353 SE2d 622) (1987).

2. Appellant also asserts the trial court erred by awarding punitive damages and attorney fees. However, we find no support in the record for the allegation that either punitive damages or attorney fees

were awarded. " 'It is the duty of the party asserting error to show it by the record. [Cits.] Assertions of evidence in briefs or enumerations of error cannot satisfy this duty. [Cit.]' [Cit.]" *Bellamy v. Edwards*, 181 Ga. App. 887, 892 (7) (354 SE2d 434) (1987).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 2, 1987.

*Duard R. McDonald*, for appellant.
*John L. Skelton, Jr.*, for appellee.