A90A0510. SEABROOK CORPORATION v. CHATHAM COUNTY BOARD OF EQUALIZATION.
(394 SE2d 796)

BANKE, Presiding Judge.

The Board of Equalization of Chatham County assessed ad valorem taxes against an inventory of stone tile/slab which the appellant had imported to this country from the People's Republic of China through the Port of Savannah. The appellant appealed to superior court, contending that the property was "foreign merchandise in transit" and that the assessment was therefore prohibited by OCGA § 48-5-5. The superior court awarded summary judgment to the Board of Equalization, and this appeal followed.

The goods were warehoused in Chatham County for 17 months, from August 1987 to December 1988. The assessment was made on January 1, 1988, for the 1987 tax year. The appellant's offices are in Ohio, and it had no other tangible personal property in Georgia in 1987. The appellant maintains that the goods were being temporarily

stored "for inspection and sale," with the expectation that they would ultimately be delivered to customers outside the State of Georgia. However, it is undisputed that no contract of sale existed for the goods as of January 1, 1988, and that there was no identified purchaser or destination for the goods as of that date. *Held*:

OCGA § 48-5-5 provides as follows: "Foreign merchandise in transit shall acquire no situs so as to become subject to ad valorem taxation by political subdivisions of this state in which the port of original entry or the port of export of such merchandise is located. Such property shall not acquire situs by virtue of the fact that while in the warehouse the property is assembled, bound, joined, processed, disassembled, divided, cut, broken in bulk, relabeled, or repackaged. The grant of 'no situs' status shall be liberally construed to effect the purposes of this Code section."

The term "foreign merchandise in transit," as it pertains to imported goods, means "personal property of any description which has been or will be moved by waterborne commerce through any port located in this state and . . . (B) Which was shipped from a point of origin located outside the customs territory of the United States and on which United States customs duties are paid at or through any customs district or port located in this state, although stored or warehoused in the county where the port of entry is located *while in transit to a final destination*." OCGA § 48-5-2 (2). (Emphasis supplied.)

In *Michelin Tire Corp. v. Wages*, 423 U. S. 276 (96 SC 535, 46 LE2d 495) (1976), aff'g *Wages v. Michelin Tire Corp.*, 233 Ga. 712 (214 SE2d 349) (1975), the United States Supreme Court held that an assessment of ad valorem taxes by a Georgia county against imported goods being warehoused there did not constitute an unconstitutional impost or duty because the goods, having been unloaded from their original shipping containers and sorted by size and style without regard to place of manufacture for distribution throughout the southeast, were "no longer in transit." Id. 423 U. S. at 302.

In considering the related issue of whether goods are "in transit" so as to be exempt from state taxation under the commerce clause of the federal constitution, the United States Supreme Court has stated that the "crucial question" is that of "continuity of transit." *Carson Petroleum Co. v. Vial*, 279 U. S. 95, 101 (49 SC 292, 73 LE 626) (1929). "A temporary pause in [the] transit [of the goods] does not mean that they are no longer 'in commerce'. . . . [I]f the halt in the movement of the goods is a convenient intermediate step in the process of getting them to their final destinations, they remain 'in commerce' until they reach those points. Then there is a practical continuity of movement of the goods until they reach the customers for whom they are intended." *Walling v. Jacksonville Paper Co.*, 317 U.

S. 564, 568 (63 SC 332, 87 LE 460) (1943). However, "[w]here property has come to rest within a State, being held there at the pleasure of the owner . . . so that he may dispose of it either within the State, or for shipment elsewhere, as his interest dictates, it is deemed to be a part of the general mass of property within the State and is thus subject to its taxing power." *Minnesota v. Blasius*, 290 U. S. 1, 10 (54 SC 34, 78 LE 131) (1933). The mere fact that further interstate movement is contemplated at sometime in the future is not sufficient to withdraw the property from the state's power to tax it. Id. 290 U. S. at 9.

Because the merchandise at issue in the present case was not being held for shipment to any known purchaser or destination when the taxes were assessed but was being stored at the appellant's pleasure for sale to anyone who might wish to purchase it, the trial court was authorized to conclude that it was not "in transit to a final destination" within the contemplation of OCGA § 48-5-2 (2) (B) and that it was consequently not exempt from ad valorem taxation under OCGA § 48-5-5.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 11, 1990 —
REHEARING DENIED MAY 25, 1990 —

Clark & Clark, Fred S. Clark, for appellant.
Brennan, Harris & Rominger, Richard J. Harris, Emily E. Garrard, for appellee.