A93A0703. LOS ANGELES TILE COMPANY v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.
(433 SE2d 82)

ANDREWS, Judge.

Los Angeles Tile Company (LATCO), an importer of ceramic tile, appealed to the superior court pursuant to OCGA § 48-5-311 (f) seeking to establish that tile stored in its Garden City warehouse was foreign merchandise in transit exempt under OCGA § 48-5-5 from ad valorem taxation by the Chatham County Board of Tax Assessors (the Board). LATCO appeals from the superior court order granting summary judgment in favor of the Board.

OCGA § 48-5-5 provides: "Foreign merchandise in transit shall acquire no situs so as to become subject to ad valorem taxation by political subdivisions of this state in which the port of original entry or the port of export of such merchandise is located. Such property shall not acquire situs by virtue of the fact that while in the ware-

house the property is assembled, bound, joined, processed, disassembled, divided, cut, broken in bulk, relabeled, or repackaged. The grant of 'no situs' status shall be liberally construed to effect the purposes of this Code section." "Foreign merchandise in transit" is defined under OCGA § 48-5-2 (4) (B) as "personal property of any description which has been or will be moved by waterborne commerce through any port located in this state and . . . [w]hich was shipped from a point of origin located outside the customs territory of the United States and on which United States customs duties are paid at or through any customs district or port located in this state, although stored or warehoused in the county where the port of entry is located *while in transit to a final destination.*" (Emphasis supplied.)

The quoted Code sections are in accord with United States Supreme Court authority interpreting provisions of the United States Constitution. The Supreme Court has determined that a non-discriminatory ad valorem tax does not violate Art. I, Sec. 10, cl. 2 of the federal constitution, commonly referred to as the "import-export" clause, where the imported goods are "no longer in transit." *Michelin Tire Corp. v. Wages,* 423 U. S. 276 (96 SC 535, 46 LE2d 495) (1976). "In considering the related issue of whether goods are 'in transit' so as to be exempt from state taxation under the commerce clause of the federal constitution [Art. I, Sec. 8, cl. 3], the . . . Supreme Court has stated that the 'crucial question' is that of 'continuity of transit.' *Carson Petroleum Co. v. Vial,* 279 U. S. 95, 101 (49 SC 292, 73 LE 626) (1929)." *Seabrook Corp. v. Chatham County Bd. of Equalization,* 195 Ga. App. 730, 731 (394 SE2d 796) (1990).

Both parties rely on the portion of the record certified to the clerk of the superior court reflecting LATCO's application to the Chatham County Board of Tax Assessors for an exemption under OCGA § 48-5-5. The application shows that LATCO imports ceramic tile from Japan and the Netherlands for sale in the United States. After the tile is shipped to the port of Savannah, it is stored in LATCO's Garden City warehouse as inventory for an average of seven months. The application indicates that the purpose of the interruption in transit is "[t]o await a buyer," and "[t]o distribute when orders [are] received." The destination of the property is listed as "Interstate Commerce." The application further states: "After receipt of the sales order, the material is pulled from our stock and shipped via independent carrier." LATCO argues that the tile remained in transit to be shipped ultimately to its Los Angeles office.

The issue is whether the interruption in the transport of the goods is sufficient for the state's taxing power to attach, or whether the stop is merely part of a continuity of transit. Generally, the state may tax where the delay may be characterized as having a business purpose or advantage, rather than just an incidental interruption in

the continuity of transit. "The question is always one of substance, and in each case it is necessary to consider the particular occasion or purpose of the interruption during which the tax is sought to be levied." *Minnesota v. Blasius*, 290 U. S. 1, 10 (54 SC 34, 78 LE 131) (1933). "'A temporary pause in (the) transit (of the goods) does not mean that they are no longer "in commerce". . . (I)f the halt in the movement of the goods is a convenient intermediate step in the process of getting them to their final destinations, they remain "in commerce" until they reach those points. Then there is a practical continuity of movement of the goods until they reach the customers for whom they are intended.' *Walling v. Jacksonville Paper Co.*, 317 U. S. 564, 568 (63 SC 332, 87 LE 460) (1943). However, '(w)here property has come to rest within a State, being held there at the pleasure of the owner . . . so that he may dispose of it either within the State, or for shipment elsewhere, as his interest dictates, it is deemed to be a part of the general mass of property within the State and is thus subject to its taxing power.' *Minnesota v. Blasius*, [supra, 290 U. S. at 10]." *Seabrook Corp.*, supra at 731-732. "A characteristic feature of those cases in which the state has been allowed to tax property which has come to rest . . . is that at the time the tax is laid it cannot be determined what the ultimate destination or use of the property may be." *Independent Warehouses v. Scheele*, 331 U. S. 70 (67 SC 1062, 91 LE 1346) (1947).

As the party initiating the appeal to the superior court, LATCO had the burden of proof. *Hawkins v. Grady County Bd. of Tax Assessors*, 180 Ga. App. 834 (350 SE2d 790) (1986). "[On] summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

Applying these principles, we conclude the trial court correctly granted summary judgment in favor of the Board. There was an absence of any evidence to support a finding that the tile remained "in transit," and exempt from taxation. LATCO's reliance on its interrogatory answer stating only that unspecified inventory is shipped monthly from the Garden City warehouse to LATCO's office in Los Angeles is not sufficient to create a factual question as to whether tile imported through the port of Savannah arriving at the Garden City warehouse remained in transit to another destination. Moreover, the

answer was unverified and not properly considered as evidence in opposition to the motion for summary judgment. See *Falcone Intl. v. Clowes*, 184 Ga. App. 442, 443 (361 SE2d 708) (1987).

 *Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 —

 *Forbes & Bowman, Morton G. Forbes, John A. Foster*, for appellant.

 *Howard & Racz, Molly M. Howard*, for appellee.