## A04A1751. YOUNG v. RICHARDS HOMES, INC.
### (609 SE2d 729)

MILLER, Judge.

Angela Young appeals from the trial court's grant of summary judgment to Richards Homes, Inc., the homebuilder who built the temporary staircase from which she fell and was injured. We find no error and affirm.

Viewed in the light most favorable to Young, the record shows that she entered the house at the request of a job-site superintendent for the purpose of counting its doorjambs and windows so that her husband's company could bid on a painting contract. The temporary flight of stairs leading from the first to the second floor of the house consisted of two-by-four steps and lacked a handrail. Posted signs declared that the construction site complied with all OSHA regulations. Wearing treaded boots, Young went up this staircase, counted the doorjambs and windows, and started back down. On her way, she tripped, and then fell off the side of the temporary staircase onto a cement floor below, injuring her knees, back, and neck. Young testified that her hands were free at the time of her fall, and that she would have grabbed a handrail had there been one.

On appeal from a grant of summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

1. The first question before us is whether Young is properly considered an invitee under Georgia premises liability law. Since she entered the house at Richards Homes' request to serve both its and her own business purposes, Young was indeed an invitee to whom Richards Homes owed a duty of ordinary care. See OCGA § 51-3-1; *Burkhead v. American Legion, Post Number 51*, 175 Ga. App. 56, 56-57 (332 SE2d 311) (1985) (visitor having "present business relations" making his presence "of mutual aid to both [owner and visitor]" is an invitee). Even as such, however, Young was also an independent contractor who had more responsibility than other invitees to determine for herself whether the site was safe or unsafe. See *Herrin v. Peeches Neighborhood Grill & Bar*, 235 Ga. App. 528, 532 (1) (509 SE2d 103) (1998); *Amear v. Hall*, 164 Ga. App. 163, 167 (2) (296 SE2d 611) (1982).

2. The crux of this case is thus whether Young, in her status as both invitee and independent contractor, can recover from Richards Homes on the ground that the latter's negligence was the proximate cause of her fall. For the reasons that follow, we hold that she cannot.

The Supreme Court of Georgia has held that an invitee seeking to recover for slip-and-fall injuries must prove "(1) that the [owner-occupier] had either actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the [owner-occupier]." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). In addition to producing evidence showing Richards Homes's superior knowledge, and thus its negligence, Young must also furnish evidence providing "a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (533 SE2d 765) (2000).

(a) In an effort to prove that Richards Homes was negligent per se in its construction of the staircase, Young points to OSHA regulations, which require that "[t]reads for temporary service . . . shall be installed the full width and depth of the stair[,]" and that "[s]tairways having four or more risers or rising more than 30 inches . . . shall be equipped with . . . at least one handrail." Young testified, however, that before she went up the staircase, she noticed that its steps were made of two-by-four rather than two-by-eight planks and that it lacked a handrail. Even assuming that the staircase was defective, Young had equal knowledge of the defects that allegedly caused her injuries. See *Herrin*, supra, 235 Ga. App. at 533 (1) (plaintiff had equal knowledge of ladder's insufficient clearance when he went up it 15 to 20 minutes before coming down); *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394-395 (506 SE2d 910) (1998) (even if flight of steps violated building codes, plaintiff had equal knowledge when he had previously used it without incident).

(b) Moreover, even if we were to find that Richards Homes had superior knowledge of the staircase's alleged defects, Young cannot prove that these defects were the proximate cause of her injury. At her deposition, Young testified that she did not know what made her fall, and speculated that she had tripped over a plastic water bottle wedged between the stairs. Without some plausible causal connection between the staircase's defects and her fall, Young's action must fail. See *Mitchell v. Austin*, 261 Ga. App. 585, 586-587 (583 SE2d 249) (2003) (though staircase violated building code, summary judgment properly granted where plaintiff could not link violations to fall); *Shadburn*, supra, 243 Ga. App. at 556-557 (summary judgment properly granted when plaintiff can only speculate that she tripped on loose carpeting); *Brown v. RFC Mgmt.*, 189 Ga. App. 603, 605 (376 SE2d 691) (1988) (summary judgment properly granted when plaintiff fails to show that poor lighting of stairs caused her fall).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 25, 2005.

*Daniel B. Greenfield, Jack F. Witcher,* for appellant.
*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright,* for appellee.