A07A1044. HARDNETT v. SILVEY.
(646 SE2d 514)

BLACKBURN, Presiding Judge.

In this slip and fall case, William Hardnett appeals the grant of summary judgment to Haynes Silvey, contending that the trial court

---

erred in finding no material issue of fact as to whether his injuries were caused by a failure of Silvey to keep his premises safe. We disagree and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that Silvey, a man in his 80s, hired Hardnett to repair a roof on a shed on Silvey's property. After removing the old roofing material, Hardnett thoroughly inspected the roof and accompanied Silvey to the store to buy supplies. As Hardnett began his repairs a day or two later, he slipped and fell off the roof, suffering injury.

Hardnett sued Silvey, alleging that Silvey knew or should have known of the dangerous condition of the roof and failed to remedy the alleged hazard or warn Hardnett. Silvey successfully moved for summary judgment, giving rise to this appeal.

As a general matter, OCGA § 51-3-1 provides that

> [w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

The Supreme Court of Georgia has held that an invitee seeking to recover for slip-and-fall injuries must prove "(1) that the defendant had [either] actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*[2]

In Hardnett's deposition, he testified that he "was bending over up there and I just slipped," and that his foot "slipped on the wood." He did not allege the presence of a foreign substance or of any unusual hazard on the roof surface. He testified that it was not raining on the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).
[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

day he fell, and that prior to his fall, he fully inspected the roof by walking the length of it and looking at it from below, he satisfied himself that the area he would be walking on was safe, and he "knew what shape the roof was in at the get go." Hardnett never asked Silvey for help, and he testified he was comfortable performing the job by himself.

In sum, Hardnett presented no evidence of any particular hazard that caused him to fall or that is not normally associated with repairing a roof. Rather, Hardnett testified that he "just slipped."

> On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant. Likewise, it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.

(Citations and punctuation omitted.) *Head v. Sears Roebuck & Co.*[3] Therefore, although Hardnett has shown that an unfortunate event occurred, he has not shown how Silvey's conduct caused that event. See *Young v. Richards Homes, Inc.*[4]

Moreover, as it is undisputed that Hardnett is an independent contractor, he "is expected to determine for himself whether his place of employment is safe or unsafe, and ordinarily may not recover against the owner for injuries sustained in the performance of the contract." (Punctuation omitted.) *Herrin v. Peeches Neighborhood Grill & Bar.*[5] Accord *Young v. Richards Homes, Inc.*, supra, 271 Ga. App. at 382 (1).

> The business invitee on private premises assumes the risk of danger of which he knows about and fully comprehends, or which is sufficiently obvious. And there is no liability for harm resulting from conditions from which no unreasonable

---

[3] *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345-346 (503 SE2d 354) (1998).

[4] *Young v. Richards Homes, Inc.*, 271 Ga. App. 382, 383 (2) (b) (609 SE2d 729) (2005).

[5] *Herrin v. Peeches Neighborhood Grill & Bar*, 235 Ga. App. 528, 532 (1) (509 SE2d 103) (1998).

risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. Likewise, [Silvey had] no obligation to protect [Hardnett] against dangers or hazards which are known to [Hardnett] or which are so obvious and apparent he may reasonably be expected to discover them.

(Citations and punctuation omitted.) *Amear v. Hall.*[6] Accord *Long Leaf Indus. v. Mitchell*[7] (a "contractor assumes all the usual and ordinary hazards of his business and is bound to use skill and diligence to protect himself") (punctuation omitted). As Hardnett's testimony that he "just slipped" does not allege that he encountered an unreasonable risk or a condition unknown to him, Hardnett fails to show how Silvey breached any duty owed to Hardnett. Therefore, based on the record before us, we conclude that Hardnett failed to create an issue of material fact as to Silvey's liability, and the trial court did not err in granting Silvey summary judgment.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 17, 2007.

*Thomas W. Nicholson*, for appellant.

*Hawkins & Parnell, William H. Major III, Peter A. Jacxsens*, for appellee.

---

[6] *Amear v. Hall*, 164 Ga. App. 163, 169 (2) (296 SE2d 611) (1982).

[7] *Long Leaf Indus. v. Mitchell*, 252 Ga. App. 343, 344 (1) (556 SE2d 242) (2001).