**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A1698. HAYES v. SNS PARTNERSHIP, LP et al.

MILLER, Judge.

Bobbie Ann Hayes injured her knee while entering a Steak N Shake restaurant when the door closed on her shoe, causing her to fall. Hayes sued SNS Partnership, LP, the owner of the premises, and Steak N Shake Operations, Inc., operator of the restaurant. Hayes contends that the trial court erred in granting summary judgment to the defendants and in an evidentiary ruling. .

On appeal from a grant or denial of summary judgment, we conduct a de novo review of the law and evidence. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). In applying the standard of review on a motion for summary judgment, this Court views the evidence in the light most favorable to the nonmovant to

determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Id. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the evidence shows that Hayes had been to this Steak N Shake on two or three occasions before her fall, although she had not opened the door for herself on those visits. On April 6, 2010, Hayes went to the restaurant by herself and

> opened the door, and I stepped in. And immediately, the door, like, started pushing me. And it was pushing me really hard, and I was trying to keep from falling down. And the door had caught my shoe, and the shoe was hung in it. But I didn't realize that the shoe was hung in it because I was just . . . trying to keep from falling down because . . . it was, like, pushing me, . . . , and I'm trying to get my balance. And so I go to take a step, you know, to get on out of the way, and my shoe was hung under the door, so that made me fall real hard.

Hayes suffered a fractured knee cap as a result of her fall. The shoe Hayes was wearing was a hard soled open-backed sandal with no heel strap. Following her fall, a Steak N Shake employee removed her sandal from under the door.

Justin Rozar, the operations supervisor that evening, was in the office when an employee advised him a woman had fallen. Rozar went to the foyer,[1] where he found Hayes on the floor. Rozar and the other employee helped Hayes into a chair and Hayes's daughter came and took her to the hospital. Hayes told Rozar she opened the door and the door closed on her sandal, catching her heel and causing her to fall.

Following Hayes's fall, Rozar opened and closed the door, which he used everyday coming to work, and found that it operated as it always had. Rozar said no one had complained about the door prior to Hayes's fall.

Kenneth Smith, general manager at this Steak N Shake, was not on site that day but, following his notification of the fall, he also inspected the door and noted nothing out of the ordinary. As he observed, the door is a self-closing door and "when you open it, if someone's not holding it, it's going to close itself."

Hayes deposed Collin Braynard, who became the district manager for Steak N Shake in July 2010, following Hayes's fall. Braynard explained the policy regarding maintenance and upkeep of the buildings. Managers are to conduct a daily walk-around looking for cleanliness and repair issues. The district manager also conducts

---

[1] Two exterior doors opened into the foyer and then a second door was opened into the interior of the restaurant.

a quarterly inspection, looking at every detail of the restaurant, which can take up to six hours. The proper closing time for the doors, seven seconds, would be checked on these quarterly inspections.

1. In her first enumeration, Hayes contends that the trial court erred in denying her motion to strike the sworn statements of Justin Rozar and Kenneth Smith. We address this issue first in order to determine if these statements were properly considered by the trial court in ruling on the motion for summary judgment.

Counsel for appellees questioned Rozar and Smith in the presence of a certified court reporter who gave the oath to the two witnesses and took down their testimony.[2] Hayes argues that, because the two statements do not qualify as "affidavits" under OCGA § 9-11-56 (e), they should have been stricken.

This Court reviews the denial of a motion to strike an affidavit for abuse of discretion. *Cox v. Mayan Lagoon Estates Ltd.*, 319 Ga. App. 101, 102-103 (1) (a) (734 SE2d 883) (2012). We will use this same standard in reviewing the denial of a motion to strike sworn statements.

While Hayes is correct that the two sworn statements do not qualify as affidavits under OCGA § 9-11-56 (e), that does not end our consideration of whether

[2] The content of their testimony is contained in Division 2.

they should have been stricken from the record for purposes of considering appellees' motion for summary judgment. In *Dalton v. City of Marietta*, 280 Ga. App. 202 (633 SE2d 552) (2006), we determined that excluding a doctor's medical narrative report from consideration on a motion for summary judgment was error and found that

> it is well settled that the trial court on summary judgment need not limit its inquiry to the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits set out in OCGA § 9-11-56 (c). Those forms of evidence are not the exclusive means of presenting evidence on a motion for summary judgment. The trial court may consider *any material which would be admissible or usable at trial.*

(Citations and punctuation omitted; emphasis in original). *Dalton*, supra, 280 Ga. App. at 204 (1). See also *Glisson v. Morton*, 203 Ga. App. 77, 77-78 (2) (416 SE2d 134) (1992) (excerpts from plaintiff's personnel file did not have to be certified or be part of a sworn affidavit to be considered in support of defendant's motion for summary judgment).

Certainly, at trial, the sworn statements could be admissible as prior consistent statements or for impeachment purposes. OCGA § 24-6-613. Therefore, we find no error in the trial court's denial of Hayes's motion to strike.[3]

2. In determining whether the trial court properly granted summary judgment to appellees, we note that

> [p]roof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor. In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff and that caused plaintiff's injuries. *Without evidence of the existence of a dangerous condition*, there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff.

(Citations and punctuation omitted; emphasis supplied.) *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367 (604 SE2d 235) (2004).

In *Metts*, a customer was injured when boxes fell off a display rack. There was, however, no evidence that the display rack was defective in design or construction, and this Court affirmed summary judgment to Wal-Mart. Id. at 367-368. Similarly, in *Siegel v. Park Avenue Condominium Assn.*, 322 Ga. App. 337, 338 (1) (744 SE2d

---

[3] We note that, in addition to his sworn statement, the deposition of Justin Rozar is also concluded in the record.

876) (2013), Siegel stood within the "barrel" of a revolving door holding an oxygen canister while a friend got in a car. When Siegel signaled the valet to come and get the cannister, her movement triggered the door's sensor, causing the door to rotate and hit her foot, whereupon she fell and broke her hip and elbow. In the face of the Association's evidence that the door was operating normally, "Siegel presented no evidence to the contrary, such as expert testimony that the speed or force of the automatic doors was excessive or the sensor that triggered the movement was too sensitive or sited improperly." Id. at 339. This Court affirmed the summary judgment to the Association.

Here, in addition to her own testimony, the only evidence offered by Hayes in support of her contentions was the affidavit of her daughter that the door at Steak N Shake was "heavy" on prior occasions when she had visited the restaurant as well as when she went to get her mother after her fall and that, on a later occasion, she returned and found that the door was closing "at a slower speed and it feels lighter." These lay opinions of Hayes and her daughter, however, fall short of providing evidence of a defect in the door when Hayes fell and do not create any issue of fact which would preclude summary judgment. See *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 270-271 (1) (375 SE2d 249) (1988) (solitary fact that doors closed on a

7

customer, for no ascertainable reason, did not constitute evidence from which it could be inferred that the store knew or should have known doors might close unexpectedly and no evidence of previous malfunction of doors was shown); *Warner v. Hobby Lobby Stores*, 321 Ga. App. 121, 124 (1) (741 SE2d 270) (2013) (plaintiff failed to present evidence that misaligned brackets constituted a dangerous condition or were more prone to break; summary judgment to defendant affirmed) (physical precedent only).

Where, as here, the question of whether the allegedly dangerous condition caused the plaintiff's injuries

> remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant. Likewise, it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.

(Citation, punctuation and footnote omitted.) *Hardnett v. Silvey*, 285 Ga. App. 424, 426 (646 SE2d 514) (2007).

Therefore, we find no error in the trial court's grant of summary judgment for appellees.

*Judgment affirmed. Barnes, P. J. concurs. Ray, J., concurs fully as to Division 2 and concurs in judgment only as to Division 1.*