**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A1169. LITTLE et al. v. JIM-LAR CORPORATION et al.

McFADDEN, Chief Judge.

Summary judgment may be granted on the basis that a party bearing the burden of proof has no evidence to support an essential element of her case. So it is here.

Myra Little and her guardian and conservator, Elbert Jenkins,[1] brought an action for negligence against McDonald's Corporation, one of its franchised restaurants, and the owner of that restaurant. They asserted in their complaint that Little was harmed physically and psychologically by a severe allergic reaction to a peach pie served to her instead of the apple pie she had ordered. In granting summary judgment to the defendants, the trial court held, among other things, that Little's

---

[1] When the complaint was filed, Jenkins was identified as Little's "proposed guardian" pursuant to a pending guardianship proceeding in another court. He subsequently was appointed Little's guardian and conservator.

verified interrogatory responses were inadmissible due to her incompetence, and we find no error in that ruling. The remaining evidence does not create a genuine issue of material fact as to whether the defendants breached a duty of care, so we affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Where, as here, the moving party

> will not bear the burden of proof at trial[, it] need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

2

*Cowart v. Widener*, 287 Ga. 622, 623-624 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

1. *Exclusion of Little's verified interrogatory responses.*

The plaintiffs argue that the trial court erred in ruling that Little's interrogatory responses were not admissible. In those responses, Little described the incident at the center of this case. She stated that she ordered an apple pie from the restaurant, instead received a peach pie in a generic container, had a severe allergic reaction after taking a bite of the peach pie, received treatment for that reaction, and subsequently developed a debilitating psychological condition that she attributes to the incident. Little signed a sworn verification of her interrogatory responses, and so the trial court could have considered the responses as evidence when ruling on the motion for summary judgment. See OCGA § 9-11-56 (e); *Falcone Intl. v. Clowes*, 184 Ga. App. 442, 443 (1) (361 SE2d 708) (1987). See also *Los Angeles Tile Co. v. Chatham County Bd. of Tax Assessors*, 209 Ga. App. 245, 247-248 (433 SE2d 82) (1993) (interrogatory responses must be verified to be considered as evidence on summary judgment). But the trial court did not consider the responses as evidence, holding that they were inadmissible because Little was "incompetent." "We address this issue first in order to determine if these [responses] were properly [excluded] by the trial court

in ruling on the motion[s] for summary judgment." *Hayes v. SNS Partnership, LP*, 326 Ga. App. 185, 186 (1) (756 SE2d 273) (2014) (physical precedent). And we find that the plaintiffs have not shown that the trial court abused his discretion in this ruling. See *Hungry Wolf/Sugar & Spice v. Langdeau*, 338 Ga. App. 750, 751 (791 SE2d 850) (2016) (trial court's decision to admit or exclude evidence on summary judgment is reviewed for abuse of discretion).

Rule 601 of Georgia's evidence code provides that, "[e]xcept as otherwise provided in [Title 24, Chapter 6], every person is competent to be a witness." OCGA § 24-6-601. Nevertheless, "a court has the power to rule that a witness is incapable of testifying[.]" *United States v. Gates*, 10 F3d 765, 766 (I) (11th Cir. 1993) (construing Fed. R. Evid. 601). See generally *State v. Almanza*, 304 Ga. 553, 556-559 (820 SE2d 1) (2018) (reviewing court looks for guidance to federal appellate case law where provision of Georgia's new evidence code is materially identical to provision in Federal Rules of Evidence). The defendants raised the issue of Little's competence to give the verified responses in their motions for summary judgment and the trial court held a hearing on those motions, but the plaintiffs did not include a transcript of that hearing in the appellate record. Without a transcript, we must presume that the hearing evidence supported the trial court's ruling. See *Payne v. Myatt*, __ Ga. App.

4

__, __ (1) (__ SE2d __) (Case No. A19A1560, decided Aug. 21, 2019); *Mashburn Constr. v. CharterBank*, 340 Ga. App. 580, 582 (1) (798 SE2d 251) (2017).

The plaintiffs argue that, as a matter of law, Little was not incompetent to verify one of the sets of interrogatory responses in the record because she had not yet been appointed a guardian in the separate guardianship proceeding. (The record also contains a set of interrogatory responses that Little verified after the ruling in the guardianship proceeding. ) But Little's qualification for the appointment of a guardian (and the timing of a ruling on that appointment) does not determine the trial court's authority to disregard her testimony. Under OCGA § 29-4-1 (a), a "court may appoint a guardian for an adult only if the court finds the adult lacks sufficient capacity to make or communicate significant responsible decisions concerning his health or safety." This is not one of the statutory exceptions to OCGA § 24-6-601, which, as stated above, provides that "*every* person is competent to be a witness." (Emphasis supplied.) In fact, "Rule 601 allows one not mentally competent to testify, and it assumes that jurors are capable of evaluating a witness's testimony in light of the fact that he is not mentally competent, [although] a court has the power to rule that a witness is incapable of testifying[.]" *Gates*, 10 F3d at 766 (I) (construing Fed. R. Evid. 601, which is materially identical to OCGA § 24-4-601). Simply put, one

5

may or may not be capable of testifying regardless of one's need for the appointment of a guardian. So the trial court was authorized to disregard Little's verified interrogatory responses even though the verification preceded the ruling in the guardianship proceeding.

2. *Other evidence regarding the incident.*

After determining that Little's interrogatory responses were not admissible, the trial court held that the plaintiffs had failed to point to evidence that the defendants had breached a duty owed to Little, noting that there was "no first[-]hand knowledge about the subject incident . . . in the record." Based on our de novo review of the record, we agree that the plaintiffs have not shown a genuine issue of material fact on this issue.

The plaintiffs argue that they identified in Little's interrogatory responses witnesses with knowledge of the incident, including the restaurant employee who gave Little the pie. But they did not offer evidence from those witnesses in opposition to summary judgment.

The record does contain deposition testimony from Little's guardian/conservator, who described the incident, but he stated that he had no knowledge of the incident outside of what he had been told by Little. This hearsay

6

evidence does not support reversal of the trial court's grant of summary judgment. "All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment." *Goodhart v. Atlanta Gas Light Co.*, 349 Ga. App. 65, 72 (2) (a) (825 SE2d 465) (2019) (citation and punctuation omitted). While on summary judgment a court may consider unobjected-to hearsay evidence, *Patterson v. Kevon, LLC*, 304 Ga. 232, 234 n.3 (818 SE2d 575) (2018), the plaintiffs concede in their appellate brief that the defendants argued at the summary judgment hearing "that there was no witness with first-hand knowledge of the incident due to Appellant Little's inability to testify" — in essence, an objection to hearsay evidence. The plaintiffs do not cite this deposition testimony or offer any argument that it should be considered.

Other evidence to which the plaintiffs have pointed either on appeal or in the court below likewise does not create a genuine issue of material fact regarding the facts surrounding the incident, which is needed to show the breach of a duty. The plaintiffs point to the probate court's order in the guardianship proceeding, but that order does not address the incident at all. They point to a receipt from the restaurant and to photographs of a partially-eaten pie and a pie box, but none of those exhibits were authenticated. See *R&G Investments & Holdings v. American Family Ins. Co.*,

337 Ga. App. 588, 596 (3) (787 SE2d 765) (2016) (trial court erred in relying on unauthenticated exhibit to deny summary judgment); *Thomason v. FIA Card Svcs.*, 330 Ga. App. 603, 605-606 (768 SE2d 785) (2015) (declining to consider unauthenticated exhibits in summary judgment ruling). They cite to allegations from their complaint, but those allegations were not verified. See *Jones v. City of Willachoochee*, 299 Ga. App. 741, 742 (683 SE2d 683) (2009) (unverified complaint allegations are not evidence for summary judgment purposes). They point to medical records that they provided to the trial court for inspection in camera, but it does not appear that they asked the trial court to incorporate those documents into the record on appeal. Cf. *Burke v. State*, 248 Ga. 124, 126 (5) (281 SE2d 607) (1981) ("the trial court, after an in camera inspection, should make the [inspected material] available for review by an appellate court *upon [a party's] request to incorporate it into the case record*") (emphasis supplied).

Finally, the plaintiffs point to an affidavit, submitted to the probate court in the guardianship proceedings, by a physician who found Little "to be incapacitated by reason of: severe PTSD & dissociative disorder due to anaphylactic reaction to unlabeled peaches & cream pie from McDonalds." And they point to an affidavit of a friend of Little, who stated that Little called him and said "that she was having an

8

allergic reaction after consuming a McDonald's pie and was going to the emergency room[.]" An argument could be made that these statements fell within hearsay exceptions. See OCGA § 24-8-803 (1) (providing that the hearsay rule shall not exclude statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter"); OCGA § 24-8-803 (4) (providing that the hearsay rule shall not exclude "statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment"). Even so, these statements do not create a genuine issue of material fact regarding the defendants' alleged breach of a duty to Little. They speak primarily to Little's allergic reaction to a McDonald's pie. They do not address the circumstances surrounding her order or any action or inaction by the defendants.

The physician's affidavit does state that the pie was "unlabeled." Citing OCGA § 26-2-22 and OCGA § 26-2-28, statutes that concern adulterated and misbranded food, the plaintiffs argue that the sale of the pie in a "generically labeled pie box" breached a duty not to sell food with a "misleading label." Pretermitting whether these statutes impose a duty in this case, the brief mention in the physician's affidavit

9

of an "unlabeled" pie, without more, is not evidence that the pie box in this case was misleading.

Simply put, without Little's interrogatory responses, the record does not contain any competent evidence of the circumstances surrounding Little's claim that she ordered one type of pie at the restaurant but received another. Consequently, the plaintiffs have not met their burden of showing a genuine issue of material fact regarding the defendants' alleged breach of a duty to Little.

3. *Arguments regarding causation.*

The plaintiffs also argue that the trial court erred in excluding from consideration evidence related to causation (the physician's affidavit discussed above, which the trial court declined to consider on the ground that the plaintiffs had not timely disclosed the physician as an expert witness ) and in finding that no genuine issue of material fact exists as to that element of their negligence claim. Because we find that summary judgment was proper based on the lack of a genuine issue of material fact regarding breach of duty, we need not address these arguments.

*\* Judgment affirmed. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps concur in the judgment only*.

10

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY.  COURT OF APPEALS RULE 33.2(a).**