[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10596

Non-Argument Calendar

_____

NURI BRYANT,

Plaintiff-Appellant,

*versus*

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01662-JPB

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Nuri Bryant, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Burlington Coat Factory Warehouse Corporation on his sole claim alleging that Burlington negligently failed to maintain an automatic sliding door that struck Bryant and injured his shoulder. Bryant contends that summary judgment was improper because of a genuine issue of fact about the door's allegedly defective condition and Burlington's knowledge of that condition. Upon consideration, we affirm.

I.

Bryant was struck by an automatic sliding door as he entered a Burlington Store in April 2017. Surveillance cameras inside the store captured the incident and showed other patrons entering and exiting through the doors. Bryant informed a Burlington employee of the incident, and Burlington's insurer contacted Bryant several days later to explain that the doors were functioning properly, but "[d]ue to the angle [Bryant] approached the doors, the motion sensor was thrown off and the doors began to close . . . as [he] walked into the door frame."

Bryant filed suit in Georgia state court and, after removing the action to federal court, Burlington moved for summary judgment. In support of the motion, Burlington provided the surveillance footage and the affidavit of Michael Jacobs, a "loss prevention

employee" responsible for retaining the footage. Relying on the video footage, Burlington argued that summary judgment was appropriate because there was no evidence that the doors were defective. In fact, Bryant testified that he did not have any evidence that the doors malfunctioned in any way. Burlington also denied actual knowledge of any defect because the doors, which were serviced on an as-needed basis, did not require maintenance around the time of the incident. To demonstrate that it routinely inspected the doors, Burlington argued that its employees "checked" the doors daily as they observed, used, or cleaned the doors.

Bryant argued that summary judgment was inappropriate because prior instances of malfunctions requiring maintenance (in 2014, 2015, and 2016) demonstrated that Burlington knew the doors were defective. And he contended that Burlington's knowledge of the defects was corroborated by its insurer's admission that the motion sensor was "thrown off." Bryant also maintained that Burlington's daily inspections were insufficient to discover the doors' dangerous condition.

The district court granted Burlington's motion for summary judgment because it determined that the "automatic sliding door was operating as it was supposed to." The video footage, maintenance records, and Bryant's admission that he lacked evidence of a malfunction persuaded the district court that Burlington was not liable for Bryant's injury. The district court explained that the prior maintenance issues Bryant identified failed to "show that the outer automatic door ever malfunctioned and hit anyone." In short, the

district court found no evidence of a dangerous condition, let alone Burlington's knowledge of that condition.

## II.

We review the grant of summary judgment *de novo*, applying the same legal standards as the district court. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). The question is whether the evidence, when viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* at 1263–64. We may affirm summary judgment on any ground supported by the record, even if the district court relied upon an incorrect ground or gave an incorrect reason. *Id.* at 1264. The record on appeal includes (1) filings made in the district court, (2) the transcript of proceedings, if one is available, and (3) a certified copy of docket entries prepared by the district clerk. Fed. R. App. P. 10(a).

*Pro se* pleadings are held to a less stringent standard than attorney-drafted pleadings and are, therefore, liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Although we liberally construe *pro se* pleadings, we nevertheless require them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

We usually decline to consider issues that are not properly presented. For example, we consider a claim abandoned when an appellant refers to it only in the "statement of the case" or

"summary of the argument," or when he raises it for the first time in his reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time [even] in a *pro se* litigant's reply brief."). Further, we generally decline to consider an issue not raised in the district court and raised for the first time in an appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

## III.

On appeal, Bryant contends the district court erred in granting summary judgment because of a genuine issue of material fact about the proper functioning of the doors. Specifically, he argues that a jury should decide whether: (1) the insurer's statement that the motion sensor was "thrown off" was an admission by Burlington that the doors malfunctioned; (2) the maintenance records put Burlington on notice of the malfunction; and (3) Burlington's inspections were reasonable or actually carried out prior to the incident. Bryant also contends that the district court overlooked his testimony that another customer was struck by the same door. And, in an attempt to demonstrate that Burlington's inspections were unreasonable, Bryant relies on standards set by the American National Standard Institute and the American Association of Automatic Door Manufacturers.

In Georgia, an owner or occupier of land owes invitees a duty of ordinary care to have the premises in a reasonably safe

condition and to prevent exposure to unreasonable risks. *Am. Multi-Cinema v. Brown*, 679 S.E.2d 25, 30 (Ga. 2009). But proof that an invitee was injured, without more, is insufficient to establish a landowner's tort liability. *Hayes v. SNS P'ship, LP*, 756 S.E.2d 273, 276 (Ga. Ct. App. 2014). Instead, an injured plaintiff must prove both the existence of a dangerous condition and the defendant's actual or constructive knowledge of that condition. *Id.* Accordingly, a plaintiff's failure to provide evidence of a defective or dangerous condition beyond "pure speculation or conjecture" results in summary judgment for the defendant. *Id.*

Where there is no evidence of a defendant's actual knowledge of a dangerous condition, we may nevertheless infer a defendant's constructive knowledge of the defect if the record shows that an owner lacked a reasonable inspection procedure. *Pylant v. Samuels, Inc.*, 585 S.E.2d 696, 697 (Ga. Ct. App. 2003). An owner can negate the inference by demonstrating that it had a reasonable inspection program in place, and that the program was actually carried out at the time of the incident. *Id.*

As an initial matter, we decline to address three issues raised for the first time in Bryant's reply brief. *Timson*, 518 F.3d at 874. First, Bryant abandoned any argument regarding the Jacobs affidavit. Although Bryant mentioned Burlington's failure to disclose Jacobs in the "statement of the case" section of his opening brief, he only raised the issue in his reply. *See Sapuppo*, 739 F.3d at 681-83. Second, Bryant abandoned the argument that Burlington engaged in "discriminatory practices" by videoing him because the

argument was presented for the first time in his reply brief. Third, we refuse to consider Bryant's belated suggestion that we "reprimand" Burlington for mistakenly identifying itself as "Steak N Shake, Inc." on its certificate of interested persons and corporate disclosure statement and in filings before the district court.

Turning to the main argument in Bryant's appeal, we conclude that the district court did not err in granting summary judgment in favor of Burlington because there is no evidence that the automatic door malfunctioned. The record supports the district court's conclusion that the doors were operating as intended, that the automatic doors were inspected before and during every shift, and that, after Bryant was struck by the door, no condition existed that needed to be repaired. Video footage demonstrates that the door began to close as Bryant entered the doorway, but immediately reopened upon contact with Bryant. After the collision, the doors opened and closed regularly as several patrons entered the store. Because Bryant admitted that he provided no evidence demonstrating that the doors malfunctioned other than the fact that he was injured, summary judgment was appropriate. *Hayes*, 756 S.E.2d at 276.

The fact that Burlington's insurer explained to Bryant that the doors' motion sensor was "thrown off" does not indicate that the door malfunctioned. As Burlington points out, Georgia recognizes that mechanical devices may cause injury "*without negligence on the part of anyone.*" *Sparks v. Metro. Atlanta Rapid Transit Auth.*, 478 S.E.2d 923, 926 (1996). Bryant was required to

demonstrate at least "slight negligence" to "create a triable issue." *Id.* Because he failed to do so, the district court properly granted summary judgment to Burlington.

Although we conclude that Bryant failed to establish the existence of a dangerous condition, we also note that the district court did not err in concluding that Burlington lacked superior knowledge of the condition. Even if another customer was struck by the door before Bryant, he provided no evidence that Burlington was aware of the prior incident. Also, Burlington maintained that it had a reasonable inspection procedure in place, negating any inference that it had constructive knowledge of a dangerous condition. *Pylant*, 585 S.E.2d at 697. Bryant contends that the inspections were inadequate and unreasonable because Burlington failed to adhere to industry standards. However, Bryant waived that argument by failing to raise it before the district court, and the standards he relies on are not in the record. *Access Now*, 385 F.3d at 1331; Fed. R. App. P. 10(a).

## IV.

In summary, we conclude that the district court properly determined that Bryant failed to demonstrate either the existence of a dangerous condition or Burlington's superior knowledge of a dangerous condition. Therefore, the district court is

**AFFIRMED.**